George **LERNER** and Julius
**Ellman, Plaintiffs,**

v.

**CHILD GUIDANCE PRODUCTS, INC.,**
and Questor Corporation,
**Defendants.**

**No. 73 Civ. 2006 (WCC).**

United States District Court,
S. D. New York.

Aug. 28, 1975.

Paul J. Sutton, New York City, for plaintiffs.

Hays, St. John, Abramson & Heilbron, New York City (Elias Messing, New York City, of counsel), Russell & Nields, Boston, Mass. (Robert B. Russell, Boston, Mass., Donald R. Bahr, Toledo, Ohio, of counsel), for defendants.

## MEMORANDUM AND ORDER

CONNER, District Judge.

In this action for alleged infringement of plaintiffs' C. O. Musser U.S. patent 2,873,639 on a toy piano, defendants have moved for a summary judgment that none of their three accused devices infringes the patent.

None of the twelve claims of the patent is literally readable on any of the three accused devices.

The patent has only two independent claims, 1 and 7. Each calls for "a housing have a front side with an elongated slot located therein; a key support ledge attached to said front side of said housing so as to project generally parallel to said slot; [and] a plurality of projections capable of serving as fulcrums mounted on said housing adjacent to said slot so as to project upwards from the lower edge thereof." * None of the three accused devices has either such a slot, or a support ledge attached to the front side of the housing, or such projections. Moreover, none of the three has keys with recesses in the bottom thereof receiving said projections and supporting said keys for rotation about said projections, as further called for in both claims. Indeed, in defendants' "Melody Bell-O-Phone" the keys are not rotatable at all, but are slidably supported for vertical reciprocation in rectangular openings in the key board.

In addition, in defendants' "Melody Bell-O-Phone," there is no "tone bar resiliently attached to each of said keys" as called for in Claims 1 and 7. Instead, the tone bars are resiliently attached to separate support members which are actuated by the keys, as in the prior Bienengraber German patent 567,657 which was cited by the Patent Office and distinguished by the patentee on the basis of having a complex linkage between the keys and the support members.

Finally, in defendants' "Melody Mike" there is not "a shaft rotatably mounted

* In Claim 7, the words "key support" are omitted.

within said housing *above* said tone bars, said shaft being generally *parallel to said slot,* * * * [and] a plurality of arms attached to said shaft so as to project therefrom, each of said arms being located generally *above one* of said tone bars," as called for in both claims. In "Melody Mike," there is no slot through which all the keys project; the shaft extends perpendicular (not parallel) to the plane of the keys and is not located above the tone bars but along the vertical axis of the cylindrical surface around which all of the tone bars are spaced; and there is not a separate set of arms for each tone bar located above that tone bar; instead, there is a single set of arms located opposite and at the same level as all of the tone bars.

All of the remaining ten claims of the patent incorporate by reference these same limitations, and cannot be infringed unless Claims 1 and 7 are.

■■ There remains, of course, the question whether the claims are infringed under the doctrine of equivalents. Equivalency is an issue of fact, except, of course, where there is a file wrapper estoppel which, as a matter of law, prevents giving the claims an interpretation sufficiently broad to cover the accused devices.

The file history here almost, but not quite, creates such an estoppel. Application Claim 9, which was cancelled by the first amendment to the application, after the Bienengraber German patent had been cited, contained the substance of most of the limitations of Claims 1 and 7 except for those specifically discussed above.

However, Claim 9 did not recite that the tones bars are resiliently mounted on the keys themselves or that the key support ledge limits rotational movement of the keys, and it is not possible to say with certainty that these additional limitations did not contribute to the allowability of Claims 1 and 7.

There thus remains the factual question whether the accused devices incorporate "equivalents" of the structure recited in Claims 1 and 7. This issue of material fact precludes summary judgment. Rule 56(c), F.R.Civ.P.

However, there appears to be sufficent doubt concerning such equivalency to warrant a separate trial limited to this one issue.

Counsel will be contacted in due course to arrange a mutually convenient date for such trial.

The motion for summary judgment is denied.

So ordered.